WHEELER, District Judge.
An interlocutory decree was entered herein for an account of profits and damages from infringement by defendant of patent Ho. 377,706, for waxed stencil sheets owned by plaintiff. A. B. Dick Co. v. Wichelman, 74 Fed. 799. The master has reported as profits $981.75. Hearing has now been had on an exception that:
“Defendant will show at the time the master’s report comes up for confirmation that the paper waxed by him for stencil sheets was made entirely different from the waxed paper described in the specifications of patent No. 377,706, and that he is therefore not liable for aDy sums of money to complainant for profits made; and defendant furthermore claims that the decretal order of *520 April 22, 1895, directed the master to ascertain and report defendant’s profits growing out of paper made for stencils by defendant in violation of patent No. 377,706, and that under such directions it was the master’s duty to ascertain what said patent covered.”
This showing is only that the fusion point of the coating of his sheets is above 140° F., and he insists that such sheets are not covered by the patent, because this point is so high. The patent mentions a coating such as paraffine of about 120 degrees. It was before the circuit court for the district of New Jersey (A. B. Dick Co. v. Fuerth, 57 Fed. 834); and again before this court, held by Judge Townsend (A. B. Dick Co. v. Henry, 75 Fed. 388). The claims make no mention of any fusion point, and they are not limited by the specification to any particular fusion point by number of degrees, except by the expression mentioned. That expression seems to be an example merely of a method of beneficial use, and not an absolute guide; and, as an example, it gives latitude by mentioning about, not exactly, 120 degrees. The fusion point of the coating, which may not be paraffine, is that which will leave the consistency specified as proper for producing the required result. This appears to be well shown in these cases by various modes of expression of substantially the same meaning. The proofs before the master well showed the coating of the defendant’s sheets to have been of this consistency. The Hammerschlag patent, upon the result of litigation respecting which the defendant here much relies, was for a method of waxing paper by machinery, and not for waxed sheets of paper for stencils, or of any sort. Manufacturing Co. v. Wichelman, 38 Fed. 430. The judgment there has no legitimate bearing upon any question here. Exceptions overruled.